UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO.: 5:04-cv-355-Oc-10GRJ

SUSAN L. CADIEUX
    Plaintiff,

vs.

OCALA BREEDER SALES COMPANY, INC.,
    Defendant
_____/

**PLAINTIFF'S PROPOSED NONSTANDARD JURY INSTRUCTIONS**

    Plaintiff, Susan Cadieux, by and through her undersigned trial counsel, hereby requests the attached proposed jury instructions (numbered 1-4).

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 22, 2006, I electronically filed the foregoing to the clerk of the court for filing and uploading to the CM/ECF system which will send a notice of electronic filing to the following: Edwin A. Green, III, Esq., P.O. Box 1869, Ocala, FL 34478.

                            **/s Azim F. Saju**
                            Azim F. Saju
                            Fla. Bar No. 0150606
                            Attorney for Plaintiff
                            Saju, Massey & Duffy
                            4421 NW Bonnie Heath Blvd
                            PMB # 417
                            Ocala, FL 34482
                            352 867 7467 (phone number)
                            352 629 3963 (facsimile)
                            asaju@ocalalawfirm.com

PROPOSED JURY INSTRUCTION NO. 1 (Shifting Reasons Instruction)

The defendant has claimed various reasons for its termination of the plaintiff. The plaintiff has produced evidence that these reasons may have shifted over time. If you find that the defendant's reasons for terminating the plaintiff shifted, you could reasonably infer that the defendant's credibility on this issue is questionable and that the reasons the defendant cites for the termination of the plaintiff are untrue.

Thus, if you find that the defendant's cited reasons shifted, you may (but you are not required to) reasonably infer that the plaintiff was terminated not because of the defendant's cited reasons but instead because of her age and/or sex.

Authority: *Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1193-1194 (11th Cir. 2004).

Accepted _____
Rejected _____
Modified _____

PROPOSED JURY INSTRUCTION NO. 2 (Disproving Some Reasons Instruction)

The defendant has claimed various reasons for its termination of the plaintiff.  If you disbelieve one or more of the defendant's reasons for its actions, then you may (but you are not required to) find that discrimination was a motivating factor in the termination.

As such, you may infer the ultimate fact of intentional discrimination if you find that some of the defendant's proffered reasons for terminating the plaintiff are unpersuasive or unworthy of credence.

Authority: *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 146–147 (U.S. 2000); *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 511 (U.S. 1993).

Accepted _____
Rejected _____
Modified _____

# PROPOSED JURY INSTRUCTION NO. 3 ("Bag Full" of Reasons Instruction)

The defendant has claimed numerous reasons for terminating the plaintiff. The plaintiff believes that these claimed reasons are untrue and that a motivating factor behind the termination of the plaintiff was her age and/or sex.

If you find that the plaintiff has cast a substantial doubt on a fair number of the reasons the defendant claims it terminated the plaintiff, then you may find that the defendant's credibility on this issue is impeded seriously enough so that you may rationally disbelieve the other reasons cited by the defendant for the termination (even if no evidence undermining those other reasons in particular is available).

Authority: *Chapman v. AI Transport*, 229 F.3d 1012, 1049-1050 (11th Cir. 2000).

Accepted _____
Rejected _____
Modified _____

PROPOSED JURY INSTRUCTION NO. 4 (Sex Plus Instruction)

The plaintiff claims that a motivating factor behind her termination was her age and her sex. You may find that a motivating factor behind the defendant's termination of the plaintiff was her age, her sex, or both her age and her sex.

Authority: *Jeffries v. Harris County Community Action Association*, 615 F.2d 1025, 1034 (5th Cir. 1980).

Accepted _____
Rejected _____
Modified _____