FILED IN OPEN COURT
OCALA, FLORIDA
FEB 24 2006
U. S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SUSAN L. CADIEUX,

    Plaintiff,

-vs-                                  Case No. 5:04-cv-355-Oc-10GRJ

OCALA BREEDER SALES COMPANY, INC.,

    Defendant.

_____

## JURY INSTRUCTIONS

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence - - that is, the testimony of the witnesses and the exhibits I have admitted in the record - - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision

concerning the facts.  It is your own recollection and interpretation of the evidence that controls.

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions:  Did the witness impress you as one who was telling the truth?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness' testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or,

whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

In this case it is the responsibility of the Plaintiff to prove every essential part of the Plaintiff's claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses,

regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendant as to that claim.

In this case the Plaintiff makes two claims under the Florida and Federal Civil Rights statutes that prohibit employers from discriminating against employees in the terms and conditions of their employment because of the employee's sex or gender, or because of the employees's age.

More specifically, the Plaintiff claims that she was discharged from employment by the Defendant because of the Plaintiff's sex or gender, or her age.

The Defendant denies that the Plaintiff was discriminated against in any way and asserts that it had legitimate, non-discriminatory reasons for discharging the Plaintiff.

In order to prevail on her claim of sex or gender discrimination, the Plaintiff must prove by a preponderance of the evidence:

> That the Plaintiff's sex or gender was a substantial or motivating factor that prompted the Defendant to terminate the Plaintiff's employment.

In the verdict form that I will explain in a moment, you will be asked to answer a question concerning that factual issue.

The Plaintiff also claims that the Defendant discriminated against the Plaintiff by discharging her employment with the Defendant because of the Plaintiff's age.

It is unlawful for an employer to discharge or lay off or otherwise discriminate against any employee because of that employee's age.

In order to prevail on this claim, the Plaintiff must prove the following fact by a preponderance of the evidence:

> That the Plaintiff's age was a substantial or motivating factor that prompted the Defendant to terminate the Plaintiff's employment.

In the verdict form that I will explain in a moment, you will be asked to answer a question concerning that factual issue.

You should be mindful that the law applicable to this case requires only that an employer not discriminate against an employee because of the employee's sex or gender, or because of the employee's age. So far as you are concerned in this case, an employer may discharge, refuse to promote or otherwise adversely affect an employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any

sympathy for the employee to lead you to substitute your own judgment for that of the Defendant even though you personally may not approve of the action taken and would have acted differently under the circumstances. Neither does the law require an employer to extend any special or favored treatment to employees in the statutorily protected group.

On the other hand, it is not necessary for the Plaintiff to prove that her sex or gender, or her age, was the sole or exclusive reason for the Defendant's decision. It is sufficient if the Plaintiff proves that one of those factors was a determining consideration that made a difference in the Defendant's decision.

In addition to her two discrimination claims, the Plaintiff also makes a claim under Florida law which prohibits slander. More specifically, the Plaintiff claims that the Defendant committed slander when it published false statements to third parties that the Plaintiff was a thief and that her employment was terminated as a result of theft.

In order to prevail on her claim of slander, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

> First: That the Defendant falsely made the statements that the Plaintiff was a thief and that her employment was terminated as a result of theft;

> Second: That the Defendant made those false statements to a third party; and
>
> Third: That the false statements tended to expose the Plaintiff to hatred, ridicule, or contempt; tended to injure the Plaintiff in her business, reputation, or occupation; or charged that the Plaintiff committed a crime.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

If you find that the Plaintiff has proved any of her claims, you must then determine the amount of damages the Plaintiff has sustained.

In considering the issue of the Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

You should consider only the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

(a)  Net lost wages and benefits to the date of trial;

(b)  Net lost wages and benefits in the future; and

(c)  Emotional pain and mental anguish.

The Plaintiff also claims that the acts of the Defendant were done with malice or reckless indifference to the Plaintiff's protected rights so as to entitle the Plaintiff to an award of punitive damages in addition to compensatory damages.

In some cases punitive damages may be awarded for the purpose of punishing the Defendant for its wrongful conduct and to deter others from engaging in similar wrongful conduct. However, an employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where those acts by such employees are contrary to the employer's own good faith efforts to comply with the law by implementing policies and programs designed to prevent such unlawful discrimination in the workplace.

So, the Plaintiff may be entitled to punitive damages only if you find for the Plaintiff and then further find from a preponderance of the evidence:

> First: That a higher management official of the Defendant personally acted with malice or reckless indifference to the Plaintiff's protected rights; and
>
> Second: That the employer itself had not acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace.

With respect to the Plaintiff's claim of age discrimination, if you find that the Defendant willfully violated the law, as claimed by the Plaintiff, then the Plaintiff is entitled to double damages. This means that the Court would award the damages you have calculated plus an equal amount as liquidated damages. If the employer knew that its adverse employment action was a violation of the law, or acted in reckless disregard of that fact, then its conduct was willful. If the employer did not know, or knew only that the law was potentially applicable, and did not act in reckless disregard as to whether its conduct was prohibited by the law, even if it acted negligently, then its conduct was not willful.

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an

indication that I believe the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.